## SOO HOO YEN ex rel. SOO HOO DO YIM v. TILLINGHAST, Commissioner of Immigration.

Circuit Court of Appeals, First Circuit.
February 20, 1928.

No. 2154.

1. Aliens ⬚⟹32(13)—Immigration authorities in proceedings for admission properly used file record containing testimony of applicant's alleged brother previously denied admission.

In proceedings before the immigration authorities, file record containing testimony of alleged brother, who had previously been denied admission, was properly used, where applicant knew thereof and was given opportunity to explain any matters conflicting with his own testimony.

2. Aliens ⬚⟹32(13)—Letter written by applicant to alleged father, seeking to inform him as to testimony, held properly made use of by immigration authorities.

In application for admission, immigration authorities properly used letter written by applicant to alleged father, in which he undertook to inform father as to his own testimony on several points, and to tell him how to answer certain questions, as showing attempt on part of applicant to circumvent statutory provision.

3. Aliens ⬚⟹32(17)—Evidence held so conflicting in proceeding for admission as to require holding conclusion of Department of Labor final.

Evidence in proceeding before Department of Labor on application of alien for admission *held* to present such conflict as to require that conclusion of Department of Labor, denying admission, was final.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Application for habeas corpus by Soo Hoo Yen, on the relation of Soo Hoo Do

Yim, against Anna C. M. Tillinghast, United States Commissioner of Immigration. From a decree or order denying the writ, petitioner appeals. Affirmed.

Everett Flint Damon and Walter Bates Farr, both of Boston, Mass., for appellant.

Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., and John W. Schenck, Asst. U. S. Atty., of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree or order of the District Court for Massachusetts dismissing a petition for a writ of habeas corpus in an immigration case, and denying the writ for want of jurisdiction.

The errors assigned are: (1) That the action of the immigration authorities in denying admission to the applicant was wanting in due process of law; and (2) that their action was arbitrary and unfair in that they received in evidence a file record of the department in another case, also made use of a letter written by the applicant to the alleged father, and otherwise.

An examination of the record discloses that the applicant was accorded all the rights and privileges required by the statute regulating the procedure and hearings before the Department of Labor upon the application of an alien for admission to the country. This disposes of the first assignment.

It appears that the applicant, Soo Hoo Do Yim, at the time of his arrival, was 20 years old; that he arrived at the port of Boston June 23, 1926; that he was examined before the Board of Special Inquiry in the last part of July of that year; that the witnesses at the hearing before the board were the applicant, his alleged father, Soo Hoo Yen, and an identifying witness, Soo Hoo Bing Sin, a distant relative; that the applicant and the alleged father were examined at length and with great particularity as to family, home village, its various inhabitants, their names, ages, and the houses where they dwelt. Certain discrepancies appear in the testimony given by the father and son at the hearing, and in statements of the father, contained in the file records of the department, made by him at examinations held in 1911 and 1913, upon his departure to and return from China. It also appears that in 1921 one Soo Hoo Do Hong applied for admission at the port of Boston as the son of Soo Hoo

Yen, and that his application was denied; that the file record containing his testimony at that time was introduced in evidence, and shows certain discrepancies between his testimony and that of the applicant, who claimed him as a brother.

It is contended that the reception and use by the Board of Special Inquiry of the file record containing the testimony of Soo Hoo Do Hong and the use of a letter written by the applicant to his alleged father during the hearing and while he was in the detention room, in which he undertook to inform the alleged father as to his own testimony on several points and to tell him how to answer certain questions, was unfair and indicated bias and prejudice.

The applicant testified that he was born November 10, 1905, that he had four brothers; that his oldest brother, Soo Hoo Do Hong, was born in October, 1896, and was the son of Soo Hoo Yen by his first wife; that he himself and his three younger brothers were children of Soo Hoo Yen by a second wife; that his brother Soo Hoo Do Young was born November 16, 1912; that his brother Soo Hoo Do Chong was born March 1, 1914; and that his brother Soo Hoo Do Wing was born December 30, 1925.

The alleged father, on departing for China in 1911, testified at New York that he had but one son, Soo Hoo Do Tung, and, on returning from China in 1913, testified at San Francisco that he then had two sons, who were Soo Hoo Do Tung and Soo Hoo Do Young.

The applicant, when confronted with these statements of the alleged father, testified that he did not know why his father made these statements; that his father had two sons in 1911, three sons in 1913, and that he never had a brother, Soo Hoo Do Tung, or Do Teung; and that he, the applicant, was never known or called by either name.

The alleged father, testifying at Boston in 1921, stated the officers at San Francisco and New York made mistakes; that their records should have shown the name to be Soo Hoo Do Yim. But at the hearing of this case in 1926 he stated that in 1913 he gave the applicant's name at San Francisco as Soo Hoo Do Tung, because the applicant's mother had given him that name at birth, while he was in the United States; that he had intended to name the applicant Soo Hoo Do Yim; that about 1916 he wrote his wife, telling her to change the applicant's name to Soo Hoo Do Yim; that in 1916 the wife acknowledged receipt of his instructions, stating that she had told the applicant that his

name thereafter was to be Soo Hoo Do Yim; and that in 1913, when he was in China, he called the applicant Do Teung. According to the evidence the applicant was 11 or 12 years old in 1916, when the alleged father claims to have changed his name, and was old enough to know whether up to that time his name had been Do Tung or Do Teung. No explanation of this was attempted by the father, except to say that the applicant was then too young to know.

[1] We do not regard the use made of the testimony of Soo Hoo Do Hong as improper. The applicant knew it was being used, and was given an opportunity to explain, so far as he could, any matters therein conflicting with his own testimony. Furthermore, the discrepancies were of no particular importance. They related largely to whether the applicant, in 1921, was attending school or was farming, and whether Soo Hoo Do Hong was or was not away at work in Hong Kong in 1913 and a few years thereafter. While the Board of Special Inquiry, in its report of this case, mentions these discrepancies, and may have given some consideration to them, no mention is made of them in the report of the Board of Review on appeal. In that report reliance was placed upon the discrepancies appearing in the testimony of the applicant and of the alleged father, and the statements made by the latter when examined in 1911, 1913, and 1921, all as above set forth.

[2] Nor do we think that any misuse was made of the letter written to the alleged father by the applicant while in the detention room during the course of the hearing. It had a legitimate bearing in the case, for it showed an attempt on the part of the applicant to circumvent the procedure provided by statute for the conduct of hearings before the Immigration Board, and coupled with the different explanations which the applicant gave for his conduct in this respect, had a legitimate tendency affecting his credibility.

[3] The question remains whether there was such a conflict of evidence that different conclusions might be reached as to the relationship of the applicant to the alleged father; for, if there was, the conclusion of the Department of Labor is final.

Briefly stated, the evidence given by the alleged father was that in 1911 he had only one son, Soo Hoo Do Tung; that in 1913 he had two sons, Soo Hoo Do Tung and Soo Hoo Do Young; that in 1916 he changed the name of Soo Hoo Do Tung to Soo Hoo Do Yim; and that prior to 1916 the name by which the applicant was known and called was Soo Hoo Do Tung.

The evidence of the applicant as to this was that he never had a brother by the name of Soo Hoo Do Tung or Do Teung, and that he was never known or called by either name.

In this state of the evidence, we think different conclusions could be drawn as to the claimed relationship.

The decree or order of the District Court is affirmed.